UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case no. 1:18-cv-22478

IRONWORKS PATENTS, LLC,

    Plaintiff,

v.

BLU Products, Inc.

    Defendant.

JURY TRIAL DEMANDED

### IRONWORKS' COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, against Defendant BLU Products, Inc. ("BLU") that relates to two U.S. patents owned by Ironworks Patents, LLC ("Ironworks"): 6,850,150 and 9,521,269 (collectively, the "Patents-in-Suit").

### PARTIES

1. Plaintiff Ironworks is a limited liability company organized under the laws of the State of Illinois, with an office at 125 S. Clark St., 17th Floor, Chicago, Illinois 60603.

2. Defendant BLU Products, Inc. is a Delaware corporation with its principal place of business at 10814 N.W. 33rd Street, Building 100, Doral, Florida 33172 and a registered agent, Bernard L. Egozi of Egozi & Bennett, P.A. 2999 NE 191st, Suite 407, Aventura, FL 33180.

3. BLU makes, uses, imports, sells and offers for sale wireless mobile devices including smartphones and related applications and services.

4. BLU's website (http://bluproducts.com/) states, "BLU designs and manufacturers affordable, attractive and innovative mobile devices focusing on fulfilling the needs of the everyday person … In the beginning, BLU provided a vast portfolio of unlocked mobile phones

to thousands of dealer agents, MVNO's, and large retailers throughout the United States, Caribbean and Latin America. Now with our new Hong Kong distribution center, BLU is known as a global brand."

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. BLU is subject to this Court's general personal jurisdiction pursuant to due process and/or the Florida Long Arm Statute, Fla. Stat. § 48.193, due at least to its substantial business conducted in this District, including: (i) having its principal place of business in this District in Doral, Florida; (ii) having solicited business in the State of Florida, transacted business within the State of Florida and attempted to derive financial benefit from residents of the State of Florida in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (iii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Florida and in this District, and (iv) having committed the complained of tortious acts in Florida and in this District.

8. BLU, directly and/or through subsidiaries and agents (including distributors, retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products and services through its website as well as other retailers) its products and/or services in the United States, the State of Florida and the Southern District of Florida. BLU is also subject to specific personal jurisdiction in this District.

9. BLU, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Southern District of Florida. These infringing products and/or services have been and continue to be purchased and used by consumers in the Southern District of Florida. BLU has committed acts of patent infringement within the State of Florida and, more particularly, within the Southern District of Florida.

10. This Court's exercise of personal jurisdiction over BLU is consistent with the Florida Long Arm Statute, Fla. Stat. § 48.193, and traditional notions of fair play and substantial justice.

11. Venue is proper in this District under §1400 (b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Venue is proper as to Defendant BLU, which resides in Florida, because it has a regular and established place of business in this District at 10814 N.W. 33rd Street, #100, Doral, Florida 33172.

**BACKGROUND FACTS REGARDING THE IRONWORKS PATENTS**

12. Ironworks is the owner of record and assignee of each of U.S. Patent Nos. 6,850,150 ("the '150 patent") and 9,521,269 ("the '269 Patent"), collectively the "Patents-in-Suit".

13. The '150 Patent was originally filed by, and assigned to, Nokia Mobile Phones Ltd. ("Nokia").

14. The '269 Patent is a continuation of a continuation of the '150 Patent.

15. Nokia is a Finnish multinational communications and information technology company, and at one time was the world's largest producer of mobile phones.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

16. For example, the world's first mobile phone satellite call was made on a Nokia phone.

17. For more than 20 years, Nokia has defined many of the fundamental technologies used in virtually all mobile devices and taken a leadership role in standards setting. As a result, Nokia owns a leading share of essential patents for GSM, 3G radio and 4G LTE technologies. These, together with other Nokia patents for Wi-Fi and video standards, form the core of Nokia's patent portfolio.

18. Nokia spends a significant amount of revenue on research and development. For example, Nokia spent about 4.9 billion Euros R&D investment in 2011 and 2016. Between 1984 and 2014, Nokia has invested more than 50 billion Euros to create a portfolio of 30,000 patents and patent applications.

19. Nokia's long history of innovation has resulted in the company being awarded more than 30,000 patents in more than 10,000 patent families.

## THE PATENTS-IN-SUIT AND CLAIMS-IN-SUIT

20. Ironworks has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

21. On February 1, 2005, the '150 Patent entitled "Portable Device" was duly and legally issued by the USPTO.

22. On December 13, 2016, the '269 Patent entitled "Method of giving the user information and portable device" was duly and legally issued by the USPTO.

## BLU'S INFRINGING PRODUCTS

23. BLU has been, and now is, directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the below accused

smartphones and other mobile wireless devices in this District and elsewhere in the United States that include the systems claimed in the Patents-in-Suit.

## COUNT I: INFRINGEMENT OF U.S. PATENT 6,850,150 CLAIM 1

24.	Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 to 23 of this Complaint as though set forth in full herein.

25.	Claim 1 of the '150 Patent provides:

| Preamble to Claim 1 | A portable device, comprising: |
|---|---|
| Element A | control means for monitoring and controlling the operation of the device; |
| Element B | and a user interface which comprises alarm means for performing a silent alarm producing a silent, invisible, tactile sensation in the user; |
| Element C | wherein the control means are arranged to give the user abstract information on multiple internal operational events of the device by using various alarm patterns of silent, invisible sensations produced by the alarm means and sensed by the user, |
| Element D | the alarm patterns differing from one another such that at least one alarm pattern characteristic sensed by the user varies, said abstract information comprising a notification of a selected item on a menu of the user interface. |

26.	BLU makes, uses, sells, offers for sale, and imports wireless mobile devices, including mobile smartphones that are mobile stations ("BLU '150 Accused Devices"). BLU '150 Accused Devices include, for example, at least the Advance, Dash, Energy, Grand, Life, Neo, Pure, R, S, Studio, And Vivo Series smartphones.

27.	BLU '150 Accused Devices are portable devices as described in this claim.

28.	BLU '150 Accused Devices include a control means (e.g., a microprocessor with Android operating system software) for monitoring and controlling the operation of the device.

29. BLU '150 Accused Devices include a user interface, which includes alarm means (e.g., a vibration motor) for performing a silent alarm producing a silent, invisible, tactile sensation (e.g., vibration) in the user.

30. BLU '150 Accused Devices' microprocessor and operating system are arranged to give the user abstract information on multiple internal operational events of the device by using various vibration patterns produced by the vibration motor and sensed by the user.

31. BLU '150 Accused Devices' vibration patterns differ from one another so that the vibration characteristics sensed by the user varies.

32. The various vibration patterns give BLU device users abstract information on internal operational events of the device, including a notification of a selected item on a menu of the user interface (e.g., selection of key on a keyboard).

33. The technology claimed in claim 1 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

34. BLU directly infringes claim 1 of the '150 Patent by manufacturing and selling BLU '150 Accused Devices.

35. BLU makes, uses, and/or imports the BLU '150 Accused Devices knowing that BLU has infringed and continues to infringe at least claim 1 of the '150 Patent under 35 U.S.C. § 271(a) directly.

36. As a direct and proximate result of BLU's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

## COUNT II: INFRINGEMENT OF PAT. 9,521,269 CLAIM 1

37. Ironworks reasserts and realleges paragraphs 1 to 36 of this Complaint as though set forth fully here.

38. Claim 1 of the '269 Patent provides:

| Preamble to Claim 1 | A mobile station comprising: |
|---|---|
| Element A | a user interface configured to enable a user to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station, |
| Element B | a tactile alert device configured to generate a tactile vibration, and |
| Element C | a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event and a second tactile vibration with a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event different from the first event, |
| Element D | wherein the first event is correct user manual input. |

39. BLU makes, uses, sells, offers for sale, and imports wireless mobile devices, including mobile smartphones that are mobile stations ("BLU '269 Accused Devices"). BLU '269 Accused Devices include, for example, at least the Life One X2 Mini, Life One X3, R2, R2 Plus, S1, Studio View, Studio View XL, Studio J8, Studio J8M, Vivo XL3 Plus, Vivo XL3, Vivo X, Vivo 8, Vivo 8L, Vivo One, Vivo One Plus smartphones.

40. BLU has and continues to make, use, sell, import, and/or offer for sale the BLU '269 Accused Devices that meet each and every element of claim 1 of the '269 Patent.

41. BLU '269 Accused Devices are mobile stations.

42. BLU '269 Accused Devices include a user interface (e.g., a touchscreen display, camera, speakers, etc.) configured to enable a user to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station.

43. BLU '269 Accused Devices include a tactile alert device (e.g., a vibration motor) configured to generate a tactile vibration.

44. BLU '269 Accused Devices include a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event (e.g., a successful fingerprint scan, long or short tap, or point selection during an unlock sequence) and a second tactile vibration with a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event (e.g., an incoming phone call) different from the first event.

45. The first event is correct user manual input (e.g., a successful fingerprint scan, long or short tap, or point selection during an unlock sequence).

46. The technology claimed in claim 1 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

47. BLU directly infringes claim 1 of the '269 Patent by manufacturing and selling BLU '269 Accused Devices.

48. BLU makes, uses, and/or imports the BLU '269 Accused Devices knowing that BLU has infringed and continues to infringe at least claim 1 of the '269 Patent under 35 U.S.C. § 271(a) directly.

49. As a direct and proximate result of BLU's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained, and will continue to sustain, damages.

**JURY DEMAND**

Ironworks demands a trial by jury on all issues that may be so tried.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ironworks requests that this Court enter judgment in its favor and against Defendant BLU Products, Inc. as follows:

A. Adjudging, finding, and declaring that BLU has infringed the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B. Awarding the past and future damages arising out of BLU's infringement of the Patents-in-Suit to Ironworks in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

D. Adjudging, finding, and declaring that the Patents-in-Suit are valid and enforceable;

E. Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

F. Granting Ironworks such other further relief as is just and proper, or as the Court deems appropriate.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Ironworks*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (321) 972-0025
> Facsimile (305) 373-2294
> Primary e-mail: christina.gierke@csklegal.com
> Secondary e-mail: edward.polk@csklegal.com
>
> By: s/ *Edward S. Polk*
> EDWARD S. POLK
> Florida Bar No.: 239860
> CHRISTINA BREDAHL GIERKE
> Florida Bar No.: 55462