UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22478-JEM

IRONWORKS PATENTS, LLC,

    Plaintiff,

v.

BLU PRODUCTS, INC.,

    Defendant.

_____/

**JOINT MOTION FOR STIPULATED CONFIDENTIALITY ORDER**

    Plaintiff, IRONWORKS PATENTS, LLC, and Defendant, BLU PRODUCTS, INC., by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), submit this Joint Motion for Stipulated Confidentiality Order to facilitate the open exchange of confidential, commercially sensitive, and trade-secret protected documents in the above-styled action. In support thereof, the parties state as follows:

    1.    The parties are participating in discovery proceedings in this action which includes, among other things, the production of certain information that the parties believe to be confidential and sensitive commercial, financial, or business information

    2.    The parties submit that the release or dissemination of its confidential, proprietary business information or trade secrets outside the scope of this lawsuit could be injurious to themselves and others.

    3.    The parties therefore desire and agree to enter into the Stipulated Confidentiality Order attached hereto as **Exhibit "A"** for the purpose of facilitating the open exchange of confidential, commercially sensitive, and trade-secret protected documents while at the same time protecting said information.

`Case 1:18-cv-22478-JEM   Document 23   Entered on FLSD Docket 12/10/2018   Page 2 of 11`

WHEREFORE, Plaintiff, IRONWORKS PATENTS, LLC and Defendant, BLU PRODUCTS, INC., respectfully request that the Court enter the attached Stipulated Confidentiality Order, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| *s/ Edward S. Polk (with permission)* | *s/ Roy E. Nelson* |
| Edward S. Polk (Florida Bar No. 239860) | Roy E. Nelson (Florida Bar No. 124447) |
| Edward.Polk@csklegal.com | rnelson@egozilaw.com |
| COLE, SCOTT & KISSANE, P.A. | EGOZI & BENNETT, P.A. |
| 9150 South Dadeland Blvd., Suite 1400 | 2999 NE 191 Street, Suite 407 |
| Miami, FL 33156 | Aventura, Florida 33180 |
| Telephone: (305) 350-5338 | Telephone: (305) 931-3000 |
| Facsimile: (305) 373-2294 | Facsimile: (305) 931-9343 |
| | |
| *Counsel for Plaintiff, Ironworks Patents, LLC* | *Counsel for Defendant, BLU Products* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 10th day of December, 2018, on all counsel of record.

*s/ Roy E. Nelson*
Roy E. Nelson

**Service List**

**Edward S. Polk, Esq.**
edward.polk@csklegal.com
**Christina Bredahl Gierke, Esq.**
christie.bredahl@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33256
Telephone: (321) 972-0025
Facsimile: (305) 383-2294

**Alison A. Richards, Esq.**
arichards@giplg.com
GLOBAL IP LAW GROUP, LLC
55 W. Monroe Street, Suite 3400
Chicago, IL 60603

*Counsel for Plaintiff*

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22478-JEM

IRONWORKS PATENTS, LLC,

    Plaintiff,

v.

BLU PRODUCTS, INC.,

    Defendant.
_____/

### STIPULATED CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), it is hereby agreed by and between Plaintiff, IRONWORKS PATENTS, LLC ("Ironworks"), and Defendant, BLU PRODUCTS, INC. ("BLU"), and hereby ordered that:

**1.** This Stipulated Confidentiality Order (the "Confidentiality Order") governs the handling of all documents, testimony, and other information, including all copies, excerpts, and summaries thereof, defined below as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and produced, given, or filed during discovery and other proceedings in this action.

**2.** Any party to this litigation may designate as "Confidential" and subject to this Confidentiality Order any information, document, thing, or portion of any document or thing ("Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third-parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or third-party

covered by this Confidentiality Order who produces or discloses any Confidential Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or substantially similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO STIPULATED CONFIDENTIALITY ORDER."

    **3.**    Any party to this litigation and any third-party may designate as "Highly Confidential – Attorneys' Eyes Only" and subject to this Confidentiality Order any Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or third-party covered by this Confidentiality Order who produces or discloses any Highly Confidential – Attorneys' Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or substantially similar legend: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO STIPULATED CONFIDENTIALITY ORDER."

    **4.**    Confidential Material subject to this Confidentiality Order may be used for purposes of this litigation only, and shall not be disclosed by the receiving party to anyone other than those listed in Paragraph 5 except by prior written agreement of the parties or by order of the court.

    **5.**    Confidential Material and the contents thereof may only be disclosed to the following individuals under the following conditions:

    **(a)**    Outside counsel (defined as any attorney at the parties' outside law firms) and up to two (2) in-house counsel for the parties who either have responsibility for making

decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action;

**(b)** Outside experts or consultants retained by outside counsel for purposes of this litigation, provided they have agreed to be bound by the provisions of this Confidentiality Order by signing a copy of Appendix "A";

**(c)** Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

**(d)** The court and court personnel;

**(e)** Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure;

**(f)** Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Material; and

**(g)** The parties. In the case of parties that are corporations or other business entities, "party" means executives who are required to participate in decisions with reference to this litigation.

**6.** Confidential Material, copies thereof, and information contained therein may only be used by individuals listed in Paragraph 5, and shall not be disclosed in any manner to

any other individuals or business entities unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the court orders such disclosure.

7. Where a deposition involves the disclosure of a party's Confidential Material, that party may, within thirty (30) days following receipt of the deposition transcript, inform all other parties that portions of the transcript are to be designated Confidential. This 30-day period may be extended by agreement of the parties. During this period, the deposition transcript shall not be disclosed to anyone other than the deponent and individuals listed in Sections 4(a), (b), (c), (d) and (f) above, and no individual attending the deposition shall disclose the contents thereof to anyone other than individuals listed in Sections 4(a), (b), (c), (d) and (f) above. Upon being informed that portions of a deposition are to be designated Confidential, all parties shall immediately and appropriately mark each copy of the transcript in its custody or control and shall limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

8. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as ordered by the court or as agreed to in advance by counsel for the producing party. Outside counsel for a party may give opinions and advice relating solely to this litigation to his or her client based on counsel's evaluation of Highly Confidential – Attorneys' Eyes Only Material, but outside counsel may not thereby reveal the content of the Highly Confidential – Attorneys' Eyes Only Material except by prior written agreement of the parties or by order of the court.

9. If counsel for a party receiving Material designated as Confidential or Attorneys' Eyes Only objects to that designation in whole or in part:

  **(a)** Counsel for the objecting party shall serve on the designating party a written

objection describing with particularity the Material in question and stating the grounds for objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.

**(b)** If after such good faith attempt, all counsel are unable to resolve their dispute, counsel for the objecting party may move the Court for a disclosure order. Any motion for disclosure shall be filed within 14 days of counsels' inability to reach an agreement as to the dispute, and the information shall continue to have Confidential or Highly Confidential status from the time it is produced until the ruling by the Court on the motion.

10. Any party wishing to disclose Confidential or Attorneys' Eyes Only Material during trial or at any hearing in this litigation may do so only as directed by the court after giving notice to the producing party.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific Material disclosed or to other Material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the Material that the Material should have been designated Confidential. Such notice shall constitute a designation of the Material as Confidential under this Confidentiality Order.

12. When the inadvertent or mistaken disclosure of Material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall treat such Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure shall not by itself constitute

a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. The following information shall not be deemed or considered Confidential Material under this Confidentiality Order: (a) information in the public domain; (b) information already known by the receiving party through proper means; and (c) information that is or becomes available to a party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

14. This Confidentiality Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is entered without prejudice to the right of any party to move the court for modification of or relief from any of its terms.

15. This Confidentiality Order survives the termination of this litigation and remains in full force and effect unless modified by order of the Court or by written stipulation of the parties filed with the Court.

16. Other Proceedings. By entering this Confidentiality Order and limiting the disclosure of information in this litigation, this Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this Confidentiality Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential or Attorneys' Eyes Only pursuant to this Confidentiality Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

17. Upon final conclusion of this litigation, each party or other individual subject to this Confidentiality Order shall assemble and return all original and unmarked copies of Confidential Material to the originating source, and shall, at the request of the originating source, destroy all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential Material from the court following final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

STIPULATED AND AGREED TO:

| | |
|---|---|
| *s/ Roy E. Nelson* | *s/ Alison A. Richards (with permission)* |
| Roy E. Nelson (Florida Bar No. 124447) | Alison A. Richards, Esq. |
| rnelson@egozilaw.com | arichards@giplg.com |
| EGOZI & BENNETT, P.A. | GLOBAL IP LAW GROUP, LLC |
| 2999 NE 191 Street, Suite 407 | 55 W. Monroe Street, Suite 3400 |
| Aventura, Florida 33180 | Chicago, IL 60603 |
| Telephone: (305) 931-3000 | Telephone: (312) 241-1505 |
| | |
| *Counsel for Defendant BLU Products, Inc.* | *Counsel for Plaintiff Ironworks Patents, LLC* |

DONE AND ORDERED in Chambers at Miami-Dade County, this _____ day of December, 2018.

_____
JOSE E. MARTINEZ
United States District Judge

**Exhibit "A"**

**AGREEMENT TO BE BOUND BY
CONFIDENTIALITY ORDER**

I, _____ being duly sworn, state that:

    1.    My address is _____

_____.

    2.    My present employer is _____ and

the address of my present employment is _____

_____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understand the provisions of the Confidentiality Order in this case, and I will comply with all its provisions.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

    6.    I will limit use of Confidential Material disclosed to me solely for purpose of this litigation.

    7.    No later than the conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                                                                         [Signature]